# Brown *v.* The State.

## *Indictment for Gaming.*

1. *Pleading and practice; when error in ruling upon evidence cured by subsequent ruling.*—When, in a criminal case, upon the cross examination of a witness, the court refuses to allow the defendant to ask said witness a proposed question, any error in such ruling is cured by the court subsequently permitting the defendant to ask the witness the question proposed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, Harry Brown, was indicted, tried and convicted for gaming.

The State introduced two witnesses who testified to the defendant having played at a game with dice at one of the places prohibited by the statute on or about May 15, 1901. One of these witnesses was named Barker. Upon the cross examination of the witness Barker, he was asked by the defendant's counsel the following question: "Did you not have a conversation in which you stated to Mr. Wiley Hill at the court house door this morning, that you had not played and had not seen the defendant play or bet at any game of cards or dice since you were convicted in the year 1898?" The solicitor objected to this question, upon the ground that no sufficient ground had been laid to impeach the witness. The court sustained the objection, refused to allow the witness to answer the question, and to this ruling the defendant duly excepted. The defendant then asked the witness the following question: "Did you not have a conversation in which you stated to the defendant at the court house door this morning that you had not played and had not seen the defendant play or bet at any game of cards or dice since you were convicted in the year 1898?" The solicitor objected to this question, upon the same ground. The court sustained the objection, and to this ruling the defendant duly excepted.

[Brown v. The State.]

During the further progress of the trial and before the defendant had rested his evidence, the court made the following statement to the defendant's counsel: "I believe I was wrong on my ruling made a while ago in regard to those predicates. I see Mr. Wiley Hill in the court room. I will request him to remain here. You may call the witness Tom Barker and lay your predicate." The witness Barker was then called and asked by the defendant's counsel the question which he had previously asked him upon his cross examination. To this question the witness answered as follows: "Yes, I told Mr. Hill that; but I overlooked this game I am talking about now." The bill of exceptions then recites: "Defendant's counsel after said question and answer did not repeat the question as to conversation with defendant as set out in question above and excepted to, but dismissed said witness without laying the predicate or offering to do so. The defendant then rested."

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Roman v. Dimmick*, 123 Ala. 366; Code, § 4333.

TYSON, J.—The subsequent cross-examination by defendant of the witness Barker, under the circumstances shown by the record, cured whatever errors may have theretofore been committed by the court to his prejudice. It is fair to presume that the defendant's failure to relay the predicate for impeachment of the witness by showing the conversation with him at the door of the court house, was attributable either to the fact, that if the witness denied having such a conversation he could not have been contradicted or that it was the same conversation in which he made the statement to Mr. Hill, which was admitted by him to be true.

There is no error in the record.

Affirmed.